## Commonwealth v. Mufford.

*School law—Absence of pupil from school—Conviction of parent.*

1. The conviction of a father for allowing his daughter, thirteen years of age, to be absent from school for four days cannot be sustained, where it appears that the cause of her absence was the necessity of attending her mother, who was ill in bed, without any other attendant available.

2. Such conviction will be set aside, although the Department of Public Instruction has ruled that the word "urgent," as used in section 1415 of the School Code of May 18, 1911, P. L. 309, applies only to reasons affecting the child and does not extend to the family.

Appeal from summary conviction. Q. S. Luzerne Co., April Sess., 1924, No. 360.

FULLER, P. J.—The defendant, on prosecution by the school board, was convicted and fined by the magistrate under section 1423 of the School Code of May 18, 1911, P. L. 309, on the charge of allowing his daughter, thirteen years of age, to be absent from school on April 1, 2, 3 and 4, 1924, without lawful excuse.

The excuse which she presented on April 7th, the first school day after the absence, was the necessity of attending her mother, who was sick in bed, without any other attendant available.

Commonwealth *v.* Mufford.

This excuse was in fact true and known to be such by the family physician, a member of the board.

It satisfied the teacher, and would have satisfied the board if in their conscientious care they had not consulted the Department of Public Instruction at Harrisburg, and received therefrom the advice that the School Code would not allow such an excuse.

The only express provision of the Code on the subject is in section 1415, viz.: "The board of school directors of any school district in this Commonwealth may, upon satisfactory evidence being furnished to it, showing that any child or children are prevented from attending school, or from application to study, on account of any mental, physical or other urgent reasons, excuse such child or children from attending school as required by the provisions of this act, but the term 'urgent reasons' shall be strictly construed and shall not permit of irregular attendance. Every principal or teacher in any public, private or other school may, for reasons enumerated above, excuse any child for non-attendance during temporary periods."

The reason for absence existing in this case was certainly "urgent" in the strictest possible construction of language, but the department holds that the reason contemplated by the Code applies "only to the child and not to home conditions."

We are unable to adopt such a narrow construction, which would not recognize even death in the family as an adequate reason.

But conceding it to be correct, and thereby eliminating the only express provision of law, we are simply relegated to the unwritten law of necessity, which is supreme.

The school authorities, district and State, should be cordially commended for conscientious determination to enforce attendance.

But the other side of the matter must be considered, and in the last analysis, when the liberty of a citizen is at stake on a charge whereof he is morally innocent, the court may properly intervene to prevent injustice.

Circumstances, of course, alter cases, and no inflexible rule can be ordained, but this sick mother in bed, requiring care and having only the child available for that necessary purpose, absolves defendant from guilt, and, accordingly, the judgment of conviction is reversed.

From F. P. Slattery, Wilkes-Barre, Pa.